**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL KENTREL BROWN, | No. 15-15684 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-00848-JAM-KJN |
| v. | |
| WHITTEN, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

California state prisoner Michael Kentrel Brown appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

process claims arising out of the confiscation of his personal property.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Brown's due process claim against defendant Whitten because Brown had an adequate postdeprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

The district court properly dismissed Brown's due process claims against the remaining defendants because Brown failed to allege facts sufficient to show that those defendants personally participated in the offense, or that Brown has a constitutional right to have his grievances processed or decided in a particular manner. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific grievance procedure."); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for

supervisory liability).

**AFFIRMED.**